UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAIME RUVALCABA,** | ) | CASE NO. 5:08CR379 |
| | ) | 5:12CV939 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Jaime Ruvalcaba's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 747.  The petition is DENIED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

In his first ground for relief, Petitioner contends that this Court erred by using a modified-categorical approach when determining whether his prior convictions qualified as violent offenses. This argument is foreclosed by the Sixth Circuit's opinion involving Petitioner's direct appeal.

1

Petitioner made this precise assertion of error on direct appeal. In rejecting Petitioner's argument, the Sixth Circuit noted:

> Ruvalcaba argues that the district court did not follow this categorical approach and improperly relied on information in the police incident reports underlying the offenses to determine that his prior convictions were crimes of violence. However, the district court does not appear to have done this, and, even if it did, it is irrelevant in light of this Court's de novo review.

*United States v. Ruvalcaba*, 627 F.3d 218, 221 n.1 (6th Cir. 2010). The Circuit went on to review this Court's determination and affirmed this Court's ruling that the prior offenses qualified as crimes of violence. Accordingly, Petitioner's claims that this Court erred by utilizing a modified-categorical approach are rejected. First, the Court did not employ such an approach. Second, Petitioner has made no argument, nor could he, that the Circuit engaged in such an approach. As such, the Circuit's holding is the law of this case and forecloses any argument that this Court committed the error alleged.

In his second ground for relief, Petitioner claims that his counsel was ineffective for failing to challenge the constitutionality of the residual clause of the Armed Career Criminal Act, relying upon Justice Scalia's dissent in *Sykes v. United States*, 131 S.Ct. 2267 (2011). In so doing, Petitioner ignores that "the majority opinion in *Sykes* took the position that the ACCA residual clause states an intelligible principle and provides guidance that allows a person to 'conform his or her conduct to the law. That position appears to foreclose a conclusion, at least by a lower federal court such as our own, that the residual clause is unconstitutionally vague." *United States v. Chitwood*, 676 F.3d 971, 978 n.3 (11th Cir. 2012) (citations and quotation omitted). Accordingly, Petitioner cannot demonstrate ineffective assistance of counsel for failing to raise this challenge.

Similarly, Petitioner cannot demonstrate prejudice related to his final ground for relief. Petitioner contends that he found an error in presentence report, asserting for the first time that he was not on post-release control at the time of this conviction as the PSR reports. However,

Petitioner ignores that his sentencing guideline range was enhanced based upon his status as an armed career criminal.  Accordingly, any alleged error regarding post-release control did not affect his guideline range.  Moreover, that factor did not weigh into the Court's ultimate sentence in this matter.  As such, Petitioner can demonstrate no prejudice stemming from this alleged error.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: December 28, 2012             /**s/** *John R. Adams*
                                     **JOHN R. ADAMS**
                                     **UNITED STATES DISTRICT JUDGE**